Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

## FILED

for the

District of Montana

JUN 3 0 2023

_____Billings_____ Division

Clerk, U.S. Courts
District Of Montana
Billings Division

|  |  |  |
|---|---|---|
| Clinton E. Green | ) | Case No. CV-23-76-BLG-SPW |
|  | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ✓ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |  |
| *please write "see attached" in the space and attach an additional* | ) |  |
| *page with the full list of names.)* | ) |  |
| *-v-* | ) |  |
|  | ) |  |
| Thomas J. Vilsack, Secretary, United States | ) |  |
| Department of Agriculture | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |
| *(Write the full name of each defendant who is being sued. If the* | ) |  |
| *names of all the defendants cannot fit in the space above, please* | ) |  |
| *write "see attached" in the space and attach an additional page* | ) |  |
| *with the full list of names.)* | ) |  |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Clinton E. Green |
| Street Address | 51 N Saturday Dr |
| City and County | Miles City , Custer County |
| State and Zip Code | MT  59301 |
| Telephone Number | 601-549-3826 |
| E-mail Address | riderdoc@bellsouth.net |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name                                  Thomas J. Vilsack

    Job or Title *(if known)*     Secretary, United Sates Department of Agriculture

    Street Address               1400 Independence Avenue SW

    City and County            Washington, District of Columbia

    State and Zip Code        Washington DC  20250-1400

    Telephone Number       202-208-3702

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question              [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Age Discrimination in Employment Act, 29 USC §621, et seq.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.   If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

See included pleading.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See included pleading.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    06-30-2023

Signature of Plaintiff

Printed Name of Plaintiff    Clinton E. Green

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

**Clinton E. Green**
**51 N Saturday Dr**
**Miles City, MT 59301**
**(601) 549-3826**

| | | |
|---|---|---|
| Clinton E. Green, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas J. Vilsack, | ) | |
| Secretary, U.S. Department of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | June 30, 2023 |
| | ) | |

# I. Complaint

Age Discrimination in Federal Employment

## II. Introduction

1.      Plaintiff, Clinton E. Green proceeding Pro Se, brings this action pursuant to the Age Discrimination in Employment Act, 29 USC §621, et seq. Plaintiff (YOB 1964) contends that on August 3, 2016, United States Department of Agriculture officials discriminated against him on the basis of age by selecting a significantly younger applicant (YOB 1974), with observably inferior qualifications for the position of a GS-0701 Veterinary Medical Officer.

### III. Jurisdiction

2.      This Court has jurisdiction over the subject matter of this civil action

pursuant to the Age Discrimination in Employment Act, 29 USC§ 621, et. seq.

### IV. Venue

3.      Venue is proper in this judicial district under 28 U.S.C. §

1391(e)(1)(C); as Plaintiff currently resides in Custer County Montana.

### V. Parties

4.      Plaintiff, Clinton E. Green is at least 40-years old, is a citizen of the

United States and a resident of the State of Montana.

5.      Defendant, Thomas J. Vilsack, Secretary, U.S. Department of

Agriculture.

### VI. Exhaustion of Administrative Remedies

6.      Plaintiff timely filed charges of discrimination with the United States

Equal Employment Opportunity Commission (EEOC). On May 1, 2023, the EEOC

issued Plaintiff Notice of Right to Sue.

### VII. Statement of Facts

7.      The Plaintiff, Dr Clint Green graduated from veterinary school in May

of 1996. In August of 2000 he was hired by the Food Safety Inspection Service

(FSIS), an agency of the US Dept of Agriculture, as a fulltime GS-0701

Supervisory Veterinary Medical Officer (SVMO). While with FSIS Dr. Green

2

supervised as many as nine lower ranked federal employees. He continued with FSIS until November of 2014 when he was hired by the Animal and Plant Health Inspection Service (APHIS) another agency of USDA, as a GS-0701 field Veterinary Medical Officer (VMO). In his first eighteen months with APHIS, November 2014 – April 2016, Dr. Green was promoted to three different temporary leadership positions. He was a Site Manager Supervisor, a Case Manager Supervisor, and several times his supervisor Dr. Frank Wilson, asked him to performed duties as the acting Assistant District Director. Then in November of 2015 he was promoted fulltime to the position of GS-0701 Supervisory Veterinary Medical Officer. A position he still held while the members of the review board were deliberating their selection.  In each of these leadership positions Dr. Green supervised other Federal employees, including other equally ranked VMO's. The above information was included in Dr. Green's resume as submitted to the review board. Dr Green has spent nearly his entire veterinary career in fulltime public service and continues as a fulltime public service veterinarian to this day. Also, in his first eighteen months with Veterinary Services (VS), Dr Green gave many presentations to VS stakeholders.  He lectured fourth-year veterinary school students on foreign animal disease and emergency management, and taught animal disease traceability (ADT) to second-year veterinary school students. He gave group and individual presentations to industry veterinarians. He gave presentations

3

to poultry company management, and at trade association meetings. Dr Green was the designated APHIS-VS representative to Region Nine of the Illinois Emergency Management Agency. Starting in January of 2015, at each quarterly meeting, he would give an update on VS emergency concerns in southern Illinois. Dr. Green has extensive experience performing all critical job elements as set forth in job announcement 24VS-APHIS-DH-2016-0775 under the, "How you will be evaluated" section.

8.      On February 29, 2016, Jack Shere, Deputy Administrator for Veterinary Services (VS), a division of the Animal and Plant Health Inspection Service (APHIS), signed VS Directive 5011.1 creating the Veterinary Services Veterinary Medical Officer Career Program (VMOCP or program). The VMOCP was a cohort-based Veterinary Medical Officer (VMO) recruitment, leadership development, and training program for external and internal candidates.

9.      Shere selected LaWanda Gamble to organize, facilitate, and manage the activities of the VMOCP Review Board. The review board was charged with making the final selection on who would make up the initial VMOCP class.

10.     Gamble chose four high ranking agency officials; Randall L. Levings, Rosemary Sifford, Kevin L. Richardson, and Thomas J. Myers to serve as the review board.

11.    On April 4, 2016, VS issued job announcement number 24VS-APHIS-DH-2016-0775 on the USA jobs website. The announcement was for 17 different VMO positions, at 17 different locations across the country. The selected job applicant at each location would automatically be enrolled in the VMOCP. The announcement was open to all US citizens. On April 6, 2016, Dr. Green applied for the Riverton, WY position. On May 19, 2016, Dr. Green interviewed with Michael McDole, and with a two-member panel of subject matter experts. McDole was the selecting, or hiring, official for the Wyoming position and would be the first-line supervisor for the selected applicant.

12.    On May 2, 2016, Gamble sent an email to everyone in VS, announcing the new VMOCP. The announcement stated the Equivalents portion of the program was open to full-time VS permanent employees currently serving as a VMO at the GS-11 through GS-14 grade level. Applicants were informed to include in their resume activities that identify: Oral/Written Communication, Resilience, and Technical Credibility through past accomplishments.

13.    On May 04, 2016, Gamble held a conference call with the review board: Sifford, Levings, Richardson, and Myers. The board members were given a rating scale, and instructions on how to score each of the internal and external applicants; "0-5 rating scale on 4 competencies - no fractions".

14.    On May 04, 2016, Gamble held a conference call with the selecting

official for each of the 17 locations listed in the VMO job announcement.  Each

selecting official was given a guidance document on how to review applications

with 3 competencies in mind: Oral/Written Communication, Flexibility, and

Technical Credibility. These 3 competencies were to be used to identify the top 2

candidates to recommend to the VMOCP review board.

15.    On May 12, 2016, McDole, submitted his top two choices to his first-

line supervisor, Donald E. Herriott. In this email McDole stated,

"Here are two applications that we finally decided were the best for western
Wyoming VMO.
1st Clint Green
2nd Marian Van der Schraaf
Can you please review and send forward. I think we are done!"

16.    On May 19, 2016, McDole submitted his top four choices to his

supervisor Donald Herriott. In this email McDole stated,

 "Sir: We completed the interviews with our top four picks and reached a
determination of our top two picks.
1st Dr. Clint E Green                (YOB 1964)
2nd Dr. Marian Van der Schraaf        (YOB 1954)
3rd Dr. Carrie L Dobey               (YOB 1974)
4th Dr. John Carnes                  (YOB unknown) Years of birth added CG
If you need anything further, please let me know."

17.    The record contains a copy of a scorecard, or checklist, given to the

review board. The checklist contains six columns. The first column contains the

6

redacted names of up to 29 applicants, it also contains a spot for the Reviewers Name, and includes the following instructions on how to score each applicant: "Points per factor: 0-5 (0 is no specialized experience/5 is high value)". The second column is titled: "<u>Oral/Written Communication</u> – Conveys information highlighting essential points and clearly conveys the message of the subject to the intended audience at the level of the receiver." The third column is titled: "<u>Flexibility</u> – Open to change and new information, rapidly adapts to new information and unexpected obstacles." The fourth column is titled: "<u>Technical Credibility</u> – Understands and appropriately applies principles, procedures, requirements, regulations, and policies related to veterinary expertise." The fifth column is titled: "<u>Public Service Motivation</u> – Shows a commitment to serve the public needs, aligns organizational objectives and practices with public interests." The last column is titled: "Total Score."

18.    On June 24, 2016, VMOVP review board member Thomas Myers sent an email to Shere offering an explanation on why the Plaintiff was not chosen. Myers admits the Plaintiff was the only VMOCP position where the review board selected the hiring official's second choice. In support of this decision Myers stated

"Dr Green's resume indicated that he graduated from veterinary school over 20 years ago and he is applying for this job because 'I want to finish my career and then retire in the State of Wyoming'. The second choice, Dr. Dobey graduated from veterinary school last month."

7

19.    On June 28, 2016, Gamble sent an email of congratulation to the first

VMOCP Cohort class of 10 successful applicants. In the email Gamble made the

following statement:

"In the selection process, the VMOCP Review Board evaluated <u>oral/written communication</u>, <u>flexibility</u>, <u>technical creditability</u>, and <u>public service motivation</u> competencies."

20.    On July 1, 2016, Shere sent an email to all of VS with on where to

find the VMOCP directive and an introduction to the first VMOCP cohort class. In

the email Shere made the following statement:

"During the selection process, each applicant was evaluated (by the VMOCP Review Board) for <u>oral/written communication</u>, <u>flexibility</u>, <u>technical creditability</u>, and <u>public service motivation</u> competencies."

21.    On July 21, 2016, Gamble sent an email to the Plaintiff with the

following statement:

"For clarification, the Selecting Official submitted your name on June 9th to the VMOCP Review Board for further review – not to HR.  Additional criteria and review of submitted packets were evaluated for <u>oral/written communication</u>, <u>flexibility</u>, <u>technical creditability</u> and <u>public service motivation</u> competencies in an effort to choose the selected candidate for each location."

22.    On February 17, 2017, in response to the EEOC investigation,

VMOCP review board member Sifford sent an email to several agency officials. In

8

this email Sifford admitted that she made her selection based solely on which

applicant,

> "I felt expressed a more clear <u>interest in advancing toward a leadership position within VS</u>. I then made a verbal recommendation of that individual to the panel."

23.     On February 17, 2017, in a follow-up to Sifford's email above, review

board member Richardson made the following statements:

> "Veterinary Services <u>used a standardized process</u> to recruit and select 17 external candidates for VMOCP." "…. the VMOCP review panel whose goal was to review the top two candidates for each of the 17 available VMOCP positions based on those candidates <u>having a clear interest in VMOCP</u> and <u>working towards leadership development</u> and <u>public service within Veterinary Services</u>." "We reviewed those materials looking for evidence that the managers/selecting official had chosen candidates with <u>a clear interest in leadership development within VS</u>."

24.     On March 8, 2017, at the request of the EEOC, review board member

Levings was the first board member to submit an affidavit answering questions

about the selection process for the Riverton VMO position. Levings described the

VMOCP as a program to identify and develop future leaders.  Levings admitted

Dr. Green was the top choice of the selecting official for the Riverton position, and

of the 17 positions was the only top choice who was not selected. Levings also

admitted, "The Complainant had good field experience, but that was not the issue.

The VMOCP program sought candidates who were most likely to be successful

and move up into leadership positions."

When Levings was asked to explain why the Complainant was not selected he replied with a statement that he claimed could be found in Dr Green's resume. Levings claimed that Dr Green said, "I would like to go there and retire." When Levings was asked were the applicants rated or scored, he swore, "We did not numerically rate or score the applicants." Levings went on to describe how the panel made their decision, ".... we discussed what we observed in the application which represented activities and attributes which indicated an interest in leadership and career development." When asked specifically what did the panel look for in evaluating the candidates, Levings swore, "We did not have a written checklist and there was not a structured formula. Although we did have criteria. We looked for candidates who had demonstrated an interest in training and development." Levings explained how the panel looked for advanced degrees obtained after graduating with a veterinary degree, and how they looked for specialized training. When asked was the Selectee more qualified than the Complainant, Levings stated that, ".... she was clearly stronger in regard to professional career development. She had pursued additional education and an interest in public service."

25.    On March 9, 2017, VMOCP program manager, and review board facilitator, Gamble issued her affidavit. In her affidavit Gamble swore, ".... the VMOCP review board members have specific desired qualifications and characteristics." When Gamble was asked if any criteria were furnished to the

review panel which identified the competencies, background, skill set, etc. which

was desired, she swore, "Yes, both Deputy Administrator, Jack Shere and I

developed the criterion." When asked what was the criterion for evaluating the

candidates, which was presented to the VMOCP Review Board? Gamble swore the

review panel were told to review the application packets to identify those

possessing the following competencies:

**Oral/Written Communication** – conveys information highlighting essential
points and clearly conveys the message of the subject to the intended audience at
the level of the receiver.
**Flexibility** – open to change and new information; rapidly adapts to new
information and unexpected obstacles.
**Technical Credibility** – understands and appropriately applies principles,
procedures, requirements, regulations, and policies related to veterinary expertise.
**Public Service Motivation** – shows a commitment to serve the public. Ensures
that actions meet public needs; aligns organizational objectives and practices with
public interest.

When Gamble was asked if the Complainant had spoken to her about his non-

selection, Gamble swore that he had not. The record contains emails between

Gamble and Plaintiff.

26.    On March 10, 2017, review board member Richardson issued his

affidavit to the EEOC. Richardson described the VMOCP as a cohort-based VMO

leadership development and technical training program that hires candidates into

<u>permanent</u> positions within VS, who then report to a <u>permanent</u> duty station. He

also stated the VMOCP is a developmental and forward-looking program. He went

on to swear that VS used a <u>standardized process</u> to recruit and select 17 candidates

11

for VMOCP, and admitted the panel did not conduct interviews or have access to notes from interviews performed by the selecting officials. He described the panel's goal was to choose candidates having a <u>clear interest in VMOCP</u> and <u>working towards leadership development and public service</u> within VS. Richardson admitted the Plaintiff was the top choice of the selecting official and the only situation in which the panel did not agree with the choice made by the selecting official. Richardson admitted, "The Complainant had good field experience, but the VMOCP program sought candidates who were most likely to be successful and move up into leadership positions. Field experience was not the emphasis." Richardson swore, "We did not rate or score the applicants." "We did not have a written checklist and there was not a structured formula." "In an open discussion, we discussed what we observed in the application which represented activities and attributes which <u>indicated an interest in the VMOCP</u> and possessing certain competencies.

27.    On March 12, 2017, review board member Sifford issued her affidavit. Sifford also described the VMOCP as a developmental and forward-looking program to develop future leaders. Sifford admitted the Plaintiff was the top choice of the selecting official and the only situation in which the panel did not agree with the choice made by the selecting official. Sifford admitted, "The Complainant had good field experience, but the VMOCP program sought

12

candidates who were most likely to be successful and move up into leadership positions. Field experience was not the emphasis." Sifford swore, "We did not rate or score the applicants." "We did not have a written checklist and there was not a structured formula." Sifford swore, "I kept no notes from the review panel as <u>all I did was</u> review the documentation of the top two individuals on the SharePoint and make a determination of which I felt <u>expressed a more clear interest in advancing toward a leadership position within Veterinary Services</u>. I then made a verbal recommendation of that individual to the panel."

## VIII. Factual Allegations

28.     The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus. The known or perceived age of the Plaintiff, or the known or perceived difference in age between the Plaintiff and Selectee, was the determining factor in Defendant's actions. The record shows the review board committed perjury and manipulated evidence to justify their decision. In their sworn statements the board members contradict each other on some answers and appear to have colluded on others. Their sworn statements contradict statements made by the program creator Jack Shere and contradict the sworn statement of board facilitator LaWanda Gamble. Most of the reasons given by the review board for their selection actually point toward the Plaintiff as the stronger choice. The board had to perjure

13

themselves and deny the existence of a checklist, because the checklist contained

instructions on how to use the rating scale. The rating scale was based entirely on

experience in each of the four criteria supplied to the board by Gamble and Shere.

Even though three of the board members agreed the Plaintiff had good field

experience, to justify their selection they had to declare it not important. Seven

times on her job application the Selectee admitted she did not have experience

performing critical job elements as set forth in the job announcement.

29.    Review board member Levings manipulated evidence by swearing the

Plaintiff's resume contained statements he never made. Review board member

Sifford swore she only used a single criterion to make her choice, but then went on

to list several other reasons the Selectee was chosen. The age discrimination started

in this case when Herriott forced McDole to exchange his original second choice of

Dr. Marian Van der Schraaf (YOB 1954), with his original third choice of Carrie

Dobey (YOB 1974). And the discrimination continued with review board member

Myers justifying the board's choice because Dr. Green graduated from veterinary

school over twenty years ago and the Selectee graduated last month. It is ageist to

justify your choice of the younger applicant because you claim the program is

developmental and forward-looking, and used to develop future leaders. Justifying

your choice of the younger applicant because you claim the Plaintiff is not willing

to move or relocate, is ageist. No reasonable person would declare the student superior to the teacher.

## IX. Prayer for Relief

30.    Defendant's unlawful actions were intentional, willful, malicious, and done with reckless disregard to Plaintiff's right to be free from discrimination. WHEREFORE, the Plaintiff prays for judgment in his favor and relief against Defendant, as follows:

(a) A retroactive promotion, with back pay, starting from July 1, 2017, to a field VMO position at the GS-13 level, in the State of Wyoming. With a remote duty station of the plaintiff's choosing.

(b) Compensatory damages in the amount of all Illinois and Montana state income taxes paid by Plaintiff and Plaintiff's wife for the tax years 2016 – current.

(c) For injunctive relief restraining further acts of discrimination by Defendant.

(d) For declaratory relief in the form of an email declaration to everyone in Veterinary Services, with wording approved by Plaintiff, that Defendant's practices as alleged herein are illegal because they discriminate on the basis of age.

(e) Reimbursement of all moving expenses incurred by Plaintiff while relocating from current residence to new duty station in the state of Wyoming.

(f) A government owned vehicle (GOV) provided to the Plaintiff upon his arrival in Wyoming of the type and trim level approved by the Plaintiff.

(g) For all such other and further relief as the Court may deem just, proper, and equitable.

## X. Jury Demand

31.     The Plaintiff requests trial by jury.



Respectfully Submitted,


Clinton E Green
 Pro Se
51 N Saturday Dr
Miles City, MT  59301
Tel. 601-549-3826



6/24/14- VMOEP - Randall, TJ, Kevin, LaWanda
17 external & 10 internal 7 uploaded to sharepoint
9 to Lin by Jun 9th
29 complete packages- 3 were incomplete ; 1 not eligible
- follow up of 2 candidates-
- will give these 2 candidates a chance to submit
5-5 rating scale on 4 competencies no fractions
week of June 13th follow up call
External - top two names for each location uploaded to sharepoint

Produced by Agency on 8/21/2017: Page

SC6

17

| Points per factor: 0,1,2,3,4,5 (0 is no specialized experience/5 is high value) Reviewers Name: | Applicant | Oral/Written Communication – Conveys information highlighting essential points and clearly conveys the message of the subject to the intended audience at the level of the receiver. SCORE | Flexibility - Open to change and new information; rapidly adapts to new information and unexpected obstacles. SCORE | Technical Credibility - Understands and appropriately applies principles, procedures, requirements, regulations and policies related to veterinary expertise. SCORE | Public Service Motivation Shows a commitment to serve the public. Ensures that actions meet public needs; aligns organizational objectives and practices with public interests. SCORE | Total Score |
|---|---|---|---|---|---|---|
| 1 | | | | | | 0 |
| 2 | | | | | | 0 |
| 3 | | | | | | 0 |
| 4 | | | | | | 0 |
| 5 | | | | | | 0 |
| 6 | | | | | | 0 |
| 7 | | | | | | 0 |
| 8 | | | | | | 0 |
| 9 | | | | | | 0 |
| 10 | | | | | | 0 |
| 11 | | | | | | 0 |
| 12 | | | | | | 0 |
| 13 | | | | | | 0 |
| 14 | | | | | | 0 |
| 15 | | | | | | 0 |
| 16 | | | | | | 0 |
| 17 | | | | | | 0 |
| 18 | | | | | | 0 |
| 19 | | | | | | 0 |
| 20 | | | | | | 0 |
| 21 | | | | | | 0 |
| 22 | | | | | | 0 |
| 23 | | | | | | 0 |
| 24 | | | | | | 0 |
| 25 | | | | | | 0 |
| 26 | | | | | | 0 |
| 27 | | | | | | 0 |
| 28 | | | | | | 0 |
| 29 | | | | | | 0 |

Produced by Agency on 8/21/2017: Page No. 0155 CG

18